IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JENNIFER OVERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-CV-1052 |
| | ) |
| TOWN OF HILLSBOROUGH, | ) |
| North Carolina, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Jennifer Overman ("Overman") initiated this action against her former employer, the Town of Hillsborough, North Carolina ("the Town"), for alleged unlawful termination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.* (ECF No. 5.) The Town moves to dismiss her amended complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Because the Court agrees that Overman has failed to plead sufficient facts in her complaint to state a plausible claim for relief, the Town's motion will be granted.

**I.    FACTUAL BACKGROUND**

The alleged facts are straightforward. The Town hired Overman in 2001 as a Billing/Customer Service Representative when she was twenty-eight years old. (ECF No. 5 ¶¶ 11–12.) In 2008, Overman was promoted to Billing and Collection Supervisor. (*Id.* ¶ 13.) A 2016 performance review—the last before her eventual termination—scored Overman as

"Highly Effective" or above in seven of eight categories and "Good Competent to Highly Effective" in the other. (*Id.* ¶¶ 15–16; ECF No. 7-1 at 1.)

In August 2017, the Town hired a new Finance Director—Ms. Daphna Schwartz ("Schwartz"). (ECF No. 5 ¶ 17.) Schwartz supervised Overman, and on or about October 15, 2017, the two met for a "one-on-one" discussion. (*Id.* ¶¶ 18–19.) During the meeting, Schwartz "asked Ms. Overman about her career goals"; Overman responded that she "wanted to retire in 6 years at the age of 50." (*Id.* ¶ 20.) Eight days later, Schwartz placed Overman on non-disciplinary suspension and recommended her termination to the Town, citing as justification "an inability to maintain effective relationships with co-workers, insubordination, and unsatisfactory work performance." (*Id.* ¶¶ 21–22.) According to Overman, Schwartz did not notify her of "any performance deficiencies or make any effort to counsel or train [her]" before recommending her termination.[1] (*Id.* ¶ 23.)

The Town terminated Overman on November 20, 2017. (*Id.* ¶ 25.) Overman subsequently filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC").[2] (ECF No 7-1.) The EEOC investigated, but was unable to conclude that an ADEA violation had occurred. (ECF No. 7-2.) It later issued a "Notice of Suit Rights," upon which Overman acted by filing the instant suit within the prescribed ninety-day period. (*Id.*; ECF No. 5).

---

[1] Overman does not allege, however, that the Town was required to do so.

[2] The Court may consider documents attached to a motion to dismiss that were not attached to the complaint, "so long as the document[s] [are] integral to the complaint and there is no dispute about the document's authenticity." *See Goines v. Valley Cmty. Servs.*, 822 F.3d 159, 164, 166 (4th Cir. 2016).

## II. LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim will be supported by facts which "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In assessing whether a claim can withstand a motion to dismiss, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)).

Like all employment discrimination claims, a complaint asserting an ADEA violation must satisfy this plausibility standard. *See McCleary–Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *Tickles v. Johnson*, No. 1:17CV709, 2018 WL 1896558, at *2 (M.D.N.C. Apr. 19, 2018) (applying the standard articulated in *Twombly* and *Iqbal* to ADEA claim). However, an ADEA plaintiff need not establish a prima facie case of age discrimination or satisfy any heightened requirements to advance beyond the pleading stage, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002), so long as her complaint "raise[s] a right to relief above the speculative level" by alleging facts which "satisfy the elements of a cause of action created by [the ADEA]," *McCleary–Evans*, 780 F.3d at 585 (citations omitted).

## III.     DISCUSSION

The ADEA makes it unlawful for a covered employer to discharge an employee who is at least forty years old "because of [her] age." 29 U.S.C. §§ 623(a)(1), 631(a). The Supreme Court has construed the words "because of" in the ADEA literally; accordingly, a plaintiff bringing an ADEA claim must plausibly allege "that age was the 'but for' cause" of her termination. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). The complaint's sparse allegations show that Overman was forty-four years old when the Town discharged her. (ECF No. 5 ¶ 28.) However, Overman has failed to connect these facts in a way that supports the reasonable inference that she was terminated "because of" her age. *See Tickles*, 2018 WL 1896558, at *3. The complaint alleges that Overman was fired shortly after she discussed her desire to "retire in 6 years at the age of 50" with Schwartz. (*See* ECF No. 5 ¶¶ 20–21, 25.) While Overman invites the Court to consider this "temporal proximity" as circumstantial evidence of discriminatory motive, (*see* ECF No. 8 at 4), without more, that coincidence of timing leaves too much to speculation. *Compare Tickles*, 2018 WL 1896558, at *3 (successive termination of two employees over forty insufficient to make out an ADEA claim), *with Blakney v. N.C. A&T State Univ.*, No. 1:17CV874, 2019 WL 1284006, at *13 (M.D.N.C. Mar. 20, 2019) (alleged combination of inquiry into employee's retirement plans with evidence that supervisor intended to replace older employees with younger individuals sufficient to state a plausible claim)*, and Craddock v. Lincoln Nat. Life Ins. Co.*, 533 Fed. App'x 333, 336 (4th Cir. 2013) (plaintiff stated claim for relief under the ADEA by alleging that her company "trained all [the] younger employees in her department to use a scanner, but despite her requests did not train her" and then refused to rehire her). Further, what little the complaint *does* say about

4

Schwartz's motivation—that "[t]he reason Ms. Schwartz gave for termination was an inability to maintain effective relationships with co-workers, insubordination, and unsatisfactory work performance," (ECF No. 5 ¶ 22)—hurts, rather than helps Overman's cause, as it puts forth legitimate, nondiscriminatory reasons for the termination without any suggestion that those reasons were pretextual.[3] *See McCleary–Evans*, 780 F.3d at 588 (dismissing a complaint that "le[ft] open to speculation the cause for the defendant's decision" in light of an "obvious alternative explanation") (internal citations omitted).

Nor does the discrepancy between Overman's positive final performance review and Schwartz's recommendation that she be terminated "nudge[ ]" her claim of age discrimination "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 570). The complaint does not give a specific date for the 2016 performance review. (*See* ECF No. 5 ¶¶ 15–16.) Overman does allege, however, that her meeting with Schwartz took place "on or about October 15, 2017." (*Id.* ¶ 19.) Thus, even assuming that the 2016 performance review was conducted at the end of that year, nearly ten months would have elapsed between the time of the review and the time Overman told Schwartz of her retirement plans. The complaint says nothing about Overman's job performance—either under her previous supervisor or Schwartz—during those intervening months, other than stating, in conclusory fashion, that she was "qualified for the position and met her employer's legitimate expectations." (*Id.* ¶ 29.) Without further allegations, the Court cannot reasonably assume

---

[3] The Court also notes that Overman's EEOC charge alleges that that "Ms. Schwartz based her decision on hearsay and alleged performance issues which for the most part she did not observe." (ECF No. 7-1 at 1.) Even accepted as true, such grounds for dismissal have nothing to do with Overman's age.

5

that Overman was still excelling at her job when Schwartz recommended that she be terminated. *Cf. Anderson v. Stauffer Chem. Co.*, 965 F.2d 397, 401 (7th Cir. 1992) (discounting a 1984 performance evaluation and pay raise given at the start of 1985 when considering whether discharge in May of 1985 was discriminatory).

In short, Overman has not alleged sufficient facts to support a causal connection between her age and her termination. The only reference to her age in the complaint—that she "wanted to retire in 6 years at the age of 50"—leaves the question of whether she was discharged for that reason entirely to speculation. *See Merrick v. Franey Med. Lab, Inc.*, No. 19-cv-11002-LTS, 2019 WL 4542515, at *2 (D. Mass. Sept. 19, 2019) (dismissing ADEA claim because plaintiff's only age-related allegations, namely that she was one of the company's oldest employees and had been called "irrelevant" by a supervisor, "merely support[ed] a speculative conclusion that [her] termination was the result of age discrimination"). Accordingly, Overman has failed to state a plausible claim for relief under the ADEA.

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, (ECF No. 6), is GRANTED and Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE.

This, the 28th day of January 2020.

/s/ Loretta C. Biggs
United States District Judge